IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| CARL ERVIN | § | |
| | § | |
| *Plaintiff*, | § | |
| v. | § | |
| | § | CIV. ACTION NO. |
| | § | |
| APPLIED INFORMATION SYSTEMS, I.N.C. | § | |
| | § | |
| | § | JURY TRIAL DEMANDED |
| *Defendant.* | § | |

## PLAINTIFF'S ORIGINAL CLAIM FOR RELIEF

1. Plaintiff Carl Ervin ("Plaintiff") brings this action against Defendant, Applied Information Systems, Inc., Texas. ("Defendant") for violating the Americans with Disability Act ("A.D.A.") of 1990.

   a. **Jurisdiction**

2. This Court has jurisdiction over the federal claims asserted herein in that they arise out of the United States laws. See 28 U.S.C. § 1331 and 29 U.S.C. § 2617. This Court has supplemental jurisdiction over the Texas State and common law claims under 28 U.S.C. § 1367. 17.

   a. **Venue**

3. Venue lies in the Northern District of Texas, Dallas Division under 28 U.S.C. § 1391 because a substantial part of the events or omissions giving rise to Plaintiff's claims occurred within this judicial district and Division.

### EXHAUSTION OF ADMINISTRATION REMEDIES

4. Before filing his Original Complaint, Plaintiff timely filed with the United States Equal Employment Opportunity Commission ("E.E.O.C.") within the appropriate number of days, his written initial charge of discrimination or retaliation for using Social Security Disability benefits that were made aware to Defendant Company through the work activity questionnaire, is reasonably expected that during the E.E.O.C. investigation Defendants will be revealed. *Federal Exp. Corp. v. Holowecki*, 552 U.S. 389, (2008), 128 S.Ct. 1147 (2008); *Fine v. G.A.F. Chem. Corp.*, 995 F.2d 576, 577-78 (5th Cir. 1993); *Martinez v. Potter,* 347 F.3d 1208 at 1210 (10th Cir. 2003); *Deravin v. Kerik,* 335 F.3d 195, 200-01 (2d Cir. 2003).

   a. In conformance with the law, Plaintiff has filed this action b e f o r e  the expiration of ninety (90) days from the date of receiving his Notice of Rights, aka "right to sue" letter from the E.E.O.C. Plaintiff received his Notice of Rights, aka "right to sue" letter from the E.E.O.C., dated December 8, 2020. On or about December 11, 2020, Plaintiff filed his Original Complaint and Jury Demand (Doc. 1) with this Court. Plaintiff has exhausted all administrative remedies; therefore, all conditions precedent to Plaintiff maintaining this civil action have accrued, occurred, or been waived. *Jones v. Robinson Property Group, L.P.*, 427 F.3d 987, 992 (5th Cir. 2005).

## CONDITIONS PRECEDENT

5. All conditions precedent; to Plaintiff bringing his claims against Defendant for A.D.A. violations have been met.

## PROTECTED CLASS MEMBERSHIP

6. This lawsuit is brought under the Americans With Disabilities Act of 1990, 42 U.S.C.A. §§ 12101 et seq. and 28 U.S.C.A. § 1343(4). This Court's jurisdiction is invoked to secure protection and redress deprivation of rights secured by federal law, which prohibits discrimination against employees because of their disability.

7. Plaintiff identifies that he is a member of the protected class specified in paragraphs above under Federal statutes and defined within the Texas Commission on Human Rights Act (T.C.H.R.A.), which has been codified into Chapter 21 of the Texas Labor Code and other similar statutes.

## PARTIES AND SERVICE

8. Plaintiff Carl Ervin is an individual who is a resident of Hood County. He is an "employee" as that term is defined by 42 U.S.C. §2000 (f), 29 U.S.C.§630(f), and 29 U.S.C.§203(e)(1)

9. Defendant Applied Information Systems, Inc., can be served at 4411 Suwanee Dam Road Suite 510 Suwanee, GA 30024. Defendant may be served with citation by serving its registered agent. Defendant is an "employer" as 29 U.S. C defines the term.

## BACKGROUND FACTS

10. Carl Ervin was a full-time employee with Defendant Applied Information began his employment on February 3, 2018. Plaintiff is a resident of Hood County and is a citizen of the United States. Plaintiff applied for Social Security Disability Insurance Benefits for disability in mid-2018. Plaintiff had previously been on Social Security Disability for conditions relating to stress, anxiety, and fatigue. In December 2018, the Social Security

    Administration approved Plaintiff's application for Social benefits, and Applied Information was provided notification to Defendant—through its officials and managers. All parties under Defendant Corporation were and are aware of Plaintiff's declared disability since December 2018.

11. Since his hire date, Plaintiff has performed all job duties at least in a satisfactory manner, had bonuses in salary since his employment date, and was a loyal employee. Plaintiff's loyalty was evident to many clients who still contacted him for six months (into July 2019) after being terminated.

12. On January 14, 2019, Defendant, through its agents, terminated the employment of Plaintiff. Plaintiff's termination came one month after Applied Information became aware of Plaintiff's disability. Applied Information presented Plaintiff with an exit package on January 15, 2019, and provided him with 21 days to respond. Defendant's never coached or counseled Plaintiff about any allegations that his job was in jeopardy based on Plaintiff's performance. Plaintiff had no performance issues and was in good standing with the company. Even so, Plaintiff was still terminated and replaced.

14. Applied Information is an employer within the meaning of the Act, employs more than 50 employees, and is located with this Court's jurisdiction.

15. Plaintiff has exhausted all administrative remedies to bring this action. He filed a charge of discrimination with the Equal Employment Opportunity Commission on August 13, 2019. The

Commission issued Plaintiff a right to sue letter on December 8, 2020. The Counsel for the Plaintiff received the notice on December 11, 2020.

## DAMAGES

16. Plaintiff incorporates each of the preceding paragraphs. After Defendant terminated Plaintiff, he has suffered economic damages above the Court's jurisdictional threshold.

## ATTORNEY'S FEES

17. To redress Plaintiff's injuries based on Defendant's and Defendant's agent's actions, Plaintiff has retained the undersigned counsel to represent him in this action.

## JURY DEMAND

18. Plaintiff demands a trial by jury, and the necessary fees have been tendered.

## REQUESTS FOR DISCLOSURE

19. Under rule 26 of Federal Civil Procedure, Plaintiff requests that Defendant disclose, within 14 days of service of this request, the information or material described in the above-referenced rule.

## CONCLUSION

20. WHEREFORE, premises considered, Plaintiff respectfully requests that Defendant be cited to appear and answer and that upon the final trial of this matter, that all relief sought to be granted to Plaintiff, and any other such further relief to which Plaintiff is justly entitled.

Respectfully submitted,

/s/ Andrew A Dunlap

Andrew A. Dunlap (lead counsel)
TBN 06231700
6565 N. McArthur Boulevard
Suite 140
Irving, Texas 75039-2478

972-807-6357  
214-614-5160 telecopy  
andrew@dunlapattorneys.com


**ATTORNEY FOR THE PLAINTIFF**